**Sangita Devi CHAND, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 03–74359.

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2007 *.

Filed June 13, 2007.

Law Office of Randhir S. Kang, Fremont, CA, for Petitioner.

Sangita Devi Chand, Hayward, CA, pro se.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., Saul E. Greenstein, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: LEAVY, RYMER, and T.G. NELSON, Circuit Judges.

MEMORANDUM **

Sangita Devi Chand, a Fijian citizen of Indian descent, petitions for review of the Board of Immigration Appeals' ("BIA") order denying her motion to reopen to reapply for asylum based on changed country conditions and her motion to remand to apply for adjustment of status. We have jurisdiction under 8 U.S.C. § 1252. We review for an abuse of discretion, *see Lara–Torres v. Ashcroft,* 383 F.3d 968, 972 (9th Cir.2004), *amended by* 404 F.3d 1105 (9th Cir.2005), and we deny the petition for review.

The BIA acted within its discretion in denying as untimely Chand's motion to reopen because it was filed over four years after the BIA's final removal order, *see* 8 U.S.C. § 1229a(c)(7)(C)(i) (motion to reopen must be filed within 90 days of final administrative removal order), and Chand failed to present new and material evidence of changed conditions in Fiji, *see* 8 U.S.C. § 1229a(c)(7)(C)(i) (no time limit on motion to reopen to apply for asylum based on changed country conditions). Chand also did not show that she was entitled to equitable tolling. *See Iturribarria v. INS,* 321 F.3d 889, 898 (9th Cir.2003) (stating that the court recognizes equitable tolling of deadlines on motions to reopen when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**600**

due diligence in discovering the deception, fraud, or error) (citations omitted).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.